IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | )   Criminal No. 2:16cr45 |
| v. | ) |
|  | ) |
| EMANUEL DOUGLAS LEWIS, | ) |
|  | ) |
| Defendant. | ) |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States and Joseph E. DePadilla, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be the recommendation range of 12-18 months with an additional term of 60 months consecutive term of incarceration. The Probation Office calculated a Total Offense Level of 12 and a Criminal History Category of II. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office and defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation.

For the reasons outlined below, the United States respectfully submits that a sentence at the low end of the recommended range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.     Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant a one-level reduction in the defendant's offense level for acceptance of responsibility.  The defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

**II.    Background**

On April 8, 2016, the defendant was named in a Two-Count Criminal Information charging him with Possession with Intent to Distribute a Controlled Substance (Fentanyl) and Possession of a Firearm During and in Relation to a Drug trafficking Crime.  On April 18, 2016, the defendant pled guilty to both counts. The defendant is scheduled to appear before this Court for sentencing at 10:00 a.m. on Wednesday, July 20, 2016.

**III.   Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range."  *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006).  "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'"  *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)).  In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

        A)      <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are serious. This defendant has already been prosecuted federally for a narcotics offense and now he has committed another one. The defendant is not only dealt fentanyl which regularly kills people in this community but he is also possessed a firearm to protect the product and profits of that decision which can also be just as deadly. His record is also extremely serious. His criminal career began almost 30 years ago with a robbery. (PSR ¶ 25). It includes other firearm offense, (PSR ¶ 26) and a prior heroin distribution crime (PSR ¶ 41) before he was ever prosecuted federally. He failed to do well on federal supervision and eventually another sentence was imposed resulting in the termination of his supervision. (PSR ¶ 42). The defendant's dismissed charges involving domestic crimes are even more alarming (PSR ¶57,58).

To his credit, the defendant did quickly accept responsibility for his conduct and pled guilty with a minimum of government resources being expended.

        B)      <u>History and Characteristics of the Defendant</u>

Mr. Lewis is old enough at 45 to know better. Mr. Lewis' childhood was chaotic and he did not have proper role models, (PSR ¶ 62, 63), which developed a serious drug problem as he grew older. (PSR ¶ 72-75). But this is not a man who cannot hold a job, between 2009 and 2015

he held several of them. (PSR ¶ 83-93). This is a man who made a deliberate choice to sell a deadly drug and to arm himself to facilitate the crime.

        C)        <u>The Need to Deter this type of Crime and Deter the Defendant from Further Crimes</u>

Fentanyl is becoming the drug of choice among opium addicts in the Tidewater Area. The problem with this drug is that it is new and exponentially more powerful than normal heroin. The result has been explosion of overdoses, many of which resulted in death. The government respectfully disagrees with the defense that this specific offense should not be punished. The 60 month term is mandated by congress for the firearm offense. To sentence this offender to only 5 years totally ignores the danger of the product he was selling and sends the wrong message to all of the other fentanyl dealers in the community. Furthermore, this defendant has already been through the federal system once and should not qualify for a downward variance based on this factor alone.

        D)        <u>The Need to Provide Treatment and Education to the Defendant</u>.

The defendant is a self-admitted addict. He will have the opportunity to benefit from the programs in the Bureau of Prisons. The defendant also needs to learn an honest trade so when he is returned to society he does not begin trafficking narcotics again. A sentence at the low end of the guideline range will facilitate these goals to help the defendant.

**IV.**    **<u>Conclusion</u>**

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence at the low end of the recommended guideline range is appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford

specific deterrence to the defendant based on his decision to plead guilty and avoid using excess resources of this Court and the government.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:     /s/
        Joseph E. DePadilla
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number: 757-441-6331
        Facsimile Number: 757-441-6689
        joe.depadilla@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on this 14th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>Suzzane V. Katchmar, Esq.
>Officer of the Federal Public Defender
>150 Boush Street, Suite 403
>Norfolk VA 23510
>Office Number: 757-457-0800
>
>*Attorney for Defendant Emmanuel Lewis*

  I HEREBY CERTIFY that on this 14th day of July, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Kristie Milby
>United States Probation Officer
>827 Dilgence Drive, Suite 210
>Newport News, Virginia 23606

>  /s/
>Joseph DePadilla
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: 757-441-6331
>Facsimile Number: 757-441-6689
>Joe.Depadilla@usdoj.gov